UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SIMO HOLDINGS INC., et al.,<br><br>Defendants. | Case No. 18-cv-05031-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Docket No. 17 |

Plaintiffs in this patent infringement case are:

- Hong Kong uCloudlink Network Technology Limited ("uCloudlink Hong Kong") and
- uCloudlink (America), Ltd. ("uCloudlink America") (collectively, "uCloudlink").

Defendants, in turn, are:

- SIMO Holdings Inc. ("SIMO") and
- Skyroam, Inc. ("Skyroam America") (collectively, "Skyroam").

Currently pending before the Court is Skyroam's motion for leave to file an amended answer and counterclaims. The gist of the motion is that Skyroam wants to add counterclaims for trade secret misappropriation (under federal and state law) and add new parties to the case. The new parties are:

- an additional counterclaimant, Shenzhen Skyroam Technology Co., Ltd. ("Skyroam Shenzhen"), and
- two additional counterdefendants, Shenzhen uCloudlink Network Technology Co.,

Ltd. ("uCloudlink Shenzhen") and uCloudlink (HK) Ltd. ("uCloudlink HK").

## I.     FACTUAL & PROCEDURAL BACKGROUND

The sequence of events leading to Skyroam's motion began in a different lawsuit pending in the Southern District of New York. In the New York case, Skyroam asserted a claim of patent infringement against uCloudlink. During discovery, uCloudlink produced to Skyroam certain documents belonging to Skyroam, which, according to Skyroam, contained Skyroam trade secrets. It appears that uCloudlink was in possession of the Skyroam documents as a result of its hiring as an employee an individual by the name of Bin Wang. Mr. Wang previously worked for Skyroam Shenzhen, but he left its employment and eventually started to work for a uCloudlink entity. That entity appears to be uCloudlink Shenzhen, which is one of the companies that Skyroam wishes to add as a counterdefendant to the case.

After learning that uCloudlink was in possession of the Skyroam documents, Skyroam was given leave to take the deposition of Mr. Wang (as part of the New York case). During his deposition, Mr. Wang claimed that Skyroam documents "were accidentally copied and transferred to [his] uCloudlink work computer when [he] was copying [his] personal information [from his home computer] to [his] uCloudlink work computer." Opp'n, Ex. B (Wang Depo. at 75). Mr. Wang also claimed that no other uCloudlink employee ever saw or used the Skyroam documents, *see* Opp'n, Ex. B (Wang Depo. at 162, 228-29), and that he himself never used the Skyroam documents to develop the uCloudlink patents on which he was a named inventor. *See* Opp'n, Ex. B (Wang Depo. at 161-62, 195, 230-31). However, during the deposition, Mr. Wang at various times also invoked the protections of the Fifth Amendment. *See, e.g.*, Opp'n, Ex. B (Wang Depo. at 147, 168, 195).

Apparently, some time after the deposition was completed, uCloudlink terminated Mr. Wang.

Shortly after the deposition, Skyroam moved the New York court for leave to add claims for trade secret misappropriation to the case. The New York court denied the motion, noting that (1) "[w]hether or not uCloudlink misappropriated trade secrets from SIMO is almost entirely irrelevant to the question of whether uCloudlink infringed SIMO's patents" and that (2) "this case

2

has progressed substantially, and amendment at this late stage to add an entirely new cluster of claims risks derailing the discovery process, which is currently scheduled to close February 15, 2019." *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. C-18-5427 (JSR) (S.D.N.Y.) (Docket No. 66) (Order at 2-3).

Having been denied relief by the New York court, Skyroam now asks for leave to add trade secret misappropriation claims to the instant case. More specifically, Skyroam would like to add such claims pursuant to both the federal Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"). *See* Mot. at 6. In addition, as part of the proposed amendment, Skyroam would like to add an additional counterclaimant (Skyroam Shenzhen, who previously employed Mr. Wang) and two additional counterdefendants (uCloudlink Shenzhen, who later employed Mr. Wang, and uCloudlink HK, whom Skyroam claims is the parent company of the other uCloudlink entities).

## II. <u>DISCUSSION</u>

A. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 15, "a court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that a district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Not all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating that "delay, by itself, is insufficient to justify denial of leave to amend"). "Prejudice is the 'touchstone of the inquiry under rule 15(a).' Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052.

### B. Adding Trade Secret Misappropriation Claims

uCloudlink argues that the Court should deny the motion for leave to add claims for trade secret misappropriation because of futility and prejudice.

The futility argument is without merit. According to uCloudlink, the misappropriation claims are futile because discovery in the New York case "revealed that none one at uCloudlink had access to the [Skyroam] documents in Mr. Wang's possession, none of the information was used by anyone at uCloudlink, including Mr. Wang, and no one from uCloudlink directed Mr. Wang to obtain these documents or work for [Skyroam]." Opp'n at 2. uCloudlink adds that, at most, the evidence shows that, "because Mr. Wang used his personal home computer and [Skyroam] work computer interchangeably while working at Shenzhen Skyroam, a handful of [Skyroam] documents were later mistakenly transferred to Mr. Wang's uCloudlink work computer when he was copying his personal information to his uCloudlink work computer from his personal computer." Opp'n at 3.

uCloudlink's futility argument is based on the deposition testimony of Mr. Wang alone. There is no indication that Skyroam has been able to take additional discovery to test the assertions that Mr. Wang made in his deposition. Moreover, whether Mr. Wang was being truthful or providing full disclosure is at least questionable given that he invoked the Fifth Amendment several times during his deposition. Futility is a high standard and, at this point, there simply is not enough for this Court to say that a trade secret misappropriation claim would not be possible.

As for uCloudlink's prejudice argument, it is a closer call but ultimately fares no better. uCloudlink does not dispute that permissive counterclaims may be made pursuant to Federal Rule of Civil Procedure 13(b); however, it argues that this Court should nevertheless follow the New York court's lead – *i.e.*, hold that the trade secret misappropriation claims are separate disputes that should be resolved in a separate lawsuit. *See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. C-18-5427 (JSR) (S.D.N.Y.) (Docket No. 66) (Order at 3) ("These are, at bottom, two entirely discrete and unrelated disputes. Whether or not uCloudlink misappropriated trade secrets from SIMO is almost entirely irrelevant to the question of whether uCloudlink

4

infringed SIMO's patents."). uCloudlink does not dispute that the New York court's denial of leave to amend was also influenced by timing (*i.e.*, fact discovery was due to close in a few months); however, uCloudlink emphasizes that the New York court indicated that, even if it were to allow amendment, it would still try the misappropriation claims separately from the patent infringement claims.

But the New York court's ruling is not binding on this Court. Moreover, the New York court was evaluating prejudice from a different perspective. In the New York case, Skyroam was claiming uCloudlink had committed patent infringement and wanted to add a claim that uCloudlink was engaging in other bad behavior – *i.e.*, trade secret misappropriation. Therefore, the New York court was understandably concerned about a "risk that the jury would simply view the evidence [of misappropriation] as proof of uCloudlink's propensity for underhanded dealings," *i.e.*, willful patent infringement. *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. C-18-5427 (JSR) (S.D.N.Y.) (Docket No. 66) (Order at 3). In the instant case, it is uCloudlink that is claiming patent infringement, not Skyroam, and Skyroam simply wants to add a counterclaim for trade secret misappropriation.

To be sure, Skyroam is *not* asserting that uCloudlink's misappropriation enabled uCloudlink to invent the patents at issue in the infringement claims. Nevertheless, that does not necessarily mean that the misappropriation and infringement claims are so distinct that it makes no sense to litigate them together. The same technology could inform both sets of claims. While uCloudlink might, at some later point, be able to show that the technology at issue is sufficiently different such that the claims should be severed – or that there are other reasons to support severance – at this juncture it is premature for the Court to make a ruling that the claims are so distinct that amendment should be barred at the outset on the ground of prejudice where the Court has case management tools such as severance at its disposal.

Accordingly, the Court shall allow Skyroam to amend its counterclaims and plead causes of action for trade secret misappropriation. The Court reserves the right to consider, at a later point, whether severance or bifurcation of the trade secret misappropriation claims is appropriate.

5

C.  Adding New Counterclaimant (Skyroam Shenzhen)

uCloudlink's opposition to adding Skyroam Shenzhen as a counterclaimant is predicated on the same arguments above – *i.e.*, that any claim of trade secret misappropriation would be futile and prejudicial. Because the Court rejects both the futility and prejudice arguments, it gives Skyroam leave to add Skyroam Shenzhen as a counterclaimant.

D.  Adding New Counterdefendants (uCloudlink Shenzhen and uCloudlink HK)

uCloudlink also opposes adding uCloudlink Shenzhen and uCloudlink HK as counterclaimants based on the same futility and prejudice arguments above. In addition, uCloudlink argues that adding these counterclaimants would, in effect, be futile because the Court lacks personal jurisdiction over them. In response, Skyroam argues that it has sufficiently made out a prima facie case of specific jurisdiction.[1] In the alternative, Skyroam asks for permission to take jurisdictional discovery.

1.  Specific Jurisdiction

The Ninth Circuit has

> established a three-prong test for analyzing a claim of specific personal jurisdiction:
>
> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

With respect to the first prong of the test, the Ninth Circuit has stated that "availment and

---

[1] *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (noting that a court considers a plaintiff's pleadings and affidavits in assessing whether there is a prima facie showing of personal jurisdiction; "[a]lthough the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor").

6

direction are . . . two distinct concepts, and, while "[a] purposeful availment analysis is most often used in suits sounding in contract," "[a] purposeful direction analysis . . . is most often used in suits sounding in tort." *Id.*

In the instant case, a purposeful direction analysis is appropriate because the trade secret misappropriation claims are based in tort, not contract. According to Skyroam, uCloudlink Shenzhen and uCloudlink HK's *own* contacts with California constitute purposeful direction. Skyroam further argues that uCloudlink Hong Kong and uCloudlink American have contacts with California that can be *attributed or imputed* to uCloudlink Shenzhen and uCloudlink HK.

2.  Direct Contacts

Skyroam contends that the trade secret misappropriation claims are based on direct contacts that uCloudlink Shenzhen and uCloudlink HK have with California, but the argument is not persuasive for several reasons.

First, even if uCloudlink Shenzhen and uCloudlink HK were involved with the alleged theft, the theft itself appears to have taken place in China, not California – *i.e.*, when Mr. Wang left employment with Skyroam Shenzhen, which is located in China, and took the alleged trade secrets with him. Also, Mr. Wang seems to have taken the alleged trade secrets with him to his new employer, uCloudlink Shenzhen – a company that is is also based in China, not California.

Second, Skyroam tries to argue that there are California contacts because Skyroam America is based in California and suffered injury there as a result of the misappropriation by uCloudlink Shenzhen and uCloudlink HK. *See* Mot. at 13-14 (arguing that there is personal jurisdiction in California because Skyroam America suffered harm in California where its principal place of business is). But this argument has no force in light of *Walden v. Fiore*, 571 U.S. 277 (2014).[2] As this Court has noted:

> In *Walden*, the defendant was a DEA agent who seized $97,000 in cash from the plaintiffs while they were at an airport in Atlanta, Georgia. *See id.* at 1119. The plaintiffs were citizens of Nevada. *See id.* The plaintiffs filed a lawsuit against the defendant in the

---

[2] Notably, the case on which Skyroam relies, *Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment, Inc.*, No. C 07-05248 JW, 2008 WL 11398913 (N.D. Cal. Feb. 29, 2008), predates *Walden*.

7

> District of Nevada, asserting a violation of their constitutional rights. *See id.* at 1120. The defendant argued that the Nevada federal court lacked personal jurisdiction over him, and the Supreme Court agreed on grounds that the defendant had not taken any action expressly targeting the state of Nevada. *See id.* at 1121.
>
> The Court noted that all of the defendant's actions – approaching, questioning, and searching the plaintiffs – occurred in Georgia. *See id.* at 1124. The defendant "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada." *Id.* The fact that the defendant might have known that plaintiffs would suffer foreseeable harm in Nevada, where they lived, was not enough to establish minimum contacts. *See id.* As the Court explained, "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122. "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 1123. "[H]owever significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* at 1122.

*Blazheiev v. Ubisoft Toronto Inc.*, No. 17-cv-07160-EMC, 2018 U.S. Dist. LEXIS 117446, at *12-14 (N.D. Cal. July 13, 2018). The fact that a California company was injured as a result of conduct by a non-forum resident whose conduct occurred outside the forum is insignificant in itself to confer jurisdiction.

Finally, Skyroam argues that there is purposeful direction, at the very least, as to uCloudlink Shenzhen. Skyroam explains as follows:

- uCloudlink has a global roaming product.
- That product uses Skyroam's trade secrets.
- The product is offered for sale and is sold in California.
- Even to the extent the product is offered for sale and sold elsewhere, the product can still be used by a consumer in California (indeed, that is the point of global roaming).
- Anytime the product (which incorporates the trade secrets) is used in California – whether by a California consumer or a non-California consumer who happens to

be in California – uCloudlink Shenzhen plays a role. More specifically, in order for customers in California to use global roaming, uCloudlink Shenzhen's backend servers (which are purportedly based in Asia) are used. Thus, uCloudlink Shenzhen basically provides services to California.

The Court is not persuaded that the above facts (as alleged) are enough to constitute purposeful direction. In essence, Skyroam is arguing that it is foreseeable to uCloudlink Shenzhen that it could be haled into Court in California because uCloudlink's global roaming product is put into the stream of commerce and thus inevitably uCloudlink Shenzhen will be called upon to provide services in California through its back end servers in Asia. But this argument is problematic in light of *Holland America Line, Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). There, the Ninth Circuit noted that, under *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987),

> [t]he placement of a product into the stream of commerce, *without more*, is not an act purposefully directed toward a forum state. *Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state.*
>
> . . . .
>
> Nor do the allegations against Wartsila Finland support a theory of purposeful availment. *Asahi* requires "something more" than the mere placement of a product into a stream of commerce, and Holland America has failed to demonstrate the requisite extra showing here.

*Holland*, 485 F.3d at 459 (emphasis added). The mere likelihood that uCloudlink Shenzhen's services will be employed in the United States and other parts of the world itself is insufficient to confer jurisdiction.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), on which Skyroam relies, does not compel a contrary result. *World-Wide* was a products liability case. The Supreme Court noted that,

> [w]hen a corporation "purposefully avails itself of the privilege of conducting activities within the forum State," it has clear notice that it is subject to suit there, and can act to alleviate the risk of

9

> burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State. Hence if the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but *arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other States*, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.

*Id.* at 297-98 (emphasis added).

In the instant case, Skyroam has failed to identify what specific efforts uCloudlink or uCloudlink Shenzhen has made to serve the market in California. Skyroam has simply made a conclusory assertion, "[o]n information and belief, [that] the uCloudlink entities directly market, ship, distribute, offer for sale, sell, and advertise products that use [Skyroam's] trade secrets in this District."[3] Mot. at 15.

3. <u>Attributed or Imputed Contacts</u>

Skyroam argues that, even if uCloudlink Shenzhen and uCloudlink HK have no direct contacts with California, there is still a basis for personal jurisdiction because the California contacts of uCloudlink Hong Kong and uCloudlink America can be attributed to uCloudlink Shenzhen and uCloudlink HK. Skyroam has two attribution theories: (1) agency and (2) alter ego.[4]

---

[3] uCloudlink disputes that uCloudlink Shenzhen and/or uCloudlink HK sells any products in California. *See, e.g.*, Gao Decl. ¶¶ 4-5 (testifying that uCloudlink Shenzhen "is responsible for the research, design, development, testing, and operation of uCloudlink systems and backend servers in China, and the backend servers are located in Singapore and China," and "[t]he products developed by [uCloudlink Shenzhen] are not the products sold in the United States"); Gao Decl. ¶¶ 6-7 (testifying that uCloudlink HK is a holding company, does not sell any products, and is the parent of uCloudlink Hong Kong, uCloudlink America, and uCloudlink Shenzhen).

[4] Skyroam does not assert a conspiracy theory (*i.e.*, that the contacts of a conspirator with the forum may be attributed to the foreign defendant/co-conspirator). Even if it did, that theory would be problematic. *See Yu-Sze Yen v. Buchholz*, No. C-08-03535 RMW, 2010 U.S. Dist. LEXIS 42393, at *17-18 (N.D. Cal. Apr. 30, 2010) (noting that "[t]he Ninth Circuit has not yet ruled on the validity of [the conspiracy] theory" of personal jurisdiction but pointing out that the Ninth Circuit "has rejected an analogous theory for venue purposes" and that "California courts have rejected the conspiracy theory of personal jurisdiction"); *Z-Rock Communs. Corp. v. William A. Exline, Inc.*, No. C 03-02436 WHA, 2004 U.S. Dist. LEXIS 15807, at *57-58 (N.D. Cal. Aug. 6, 2004) (rejecting the conspiracy theory of personal jurisdiction; noting that "the Ninth Circuit has

a. <u>Agency</u>

Skyroam's agency theory is a means of holding uCloudlink HK jurisdictionally accountable. According to Skyroam, uCloudlink HK is the parent of the other uCloudlink entities, including uCloudlink Hong Kong and uCloudlink America. Skyroam argues that the other uCloudlink entities are uCloudlink HK's agents and thus their contacts may be attributed to uCloudlink HK.

In a recent decision, this Court noted that

> [t]he current state of the law is not entirely clear on the issue of whether and, if so, when an agent's contacts may be attributed to its principal for jurisdictional purposes. *Daimler AG v. Bauman*, 571 U.S. 117 (2014), indicates it is possible to use an agency relationship to establish specific jurisdiction, *see id.* at 135 n.13 (stating that "[a]gency relationships . . . may be relevant to the existence of specific jurisdiction" – *e.g.*, "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there") (emphasis omitted), and the Ninth Circuit has not suggested otherwise. But neither the Supreme Court nor the Ninth Circuit has provided guidance as to, under what circumstances, it is appropriate to attribute contacts. At best, the Ninth Circuit has indicated that one specific approach it had adopted prior to *Daimler* is no longer valid. *See Williams v. Yahama Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017) (indicating that, post-*Daimler*, the following test cannot be used for general *or* specific jurisdiction – *i.e.*, "whether the [agent] 'performs services that are sufficiently important to the [principal] that if [the principal] did not have a representative to perform them, the [principal's] own officials would undertake to perform substantially similar services'").

*Castillo v. Caesars Entm't Corp.*, No. 18-cv-05781-EMC, 2018 U.S. Dist. LEXIS 201721, at *6-7 (N.D. Cal. Nov. 28, 2018).

Skyroam's agency argument is problematic in that Skyroam uses the pre-*Daimler* test for agency that the Ninth Circuit no longer uses. *See* Mot. at 17-18 (arguing that the uCloudlink entities "are responsible for the at least the research and development, branding, and marketing of the products that directly compete with [Skyroam's] products" and, "[w]ithout the existence of the uCloudlink subsidiaries, uCloudlink [HK] would have to undertake to perform the same services").

---

refused to attribute personal jurisdiction over individual partners due to jurisdiction over the partnership based on the theory of joint and several liability of individual partners").

11

### b. Alter Ego

Skyroam's alter ego theory is a means of holding both uCloudlink HK and uCloudlink Shenzhen jurisdictionally accountable. According to Skyroam, uCloudlink HK and uCloudlink Shenzhen are alter egos of uCloudlink Hong Kong and uCloudlink America (and vice-versa) because "[a]ll uCloudlink entities are shell corporations through which all conduct one another's business and operate as a single entity." Mot. at 7. Skyroam maintains that the companies "share the same officers and board of directors." Mot. at 7, 17. Skyroam further argues that the companies "develop, advertising, market, and sell products together with nothing to differentiate the companies," noting in particular that the website refers to a singular entity uCloudlink. Mot. at 18.

The Ninth Circuit has indicated that there is an alter ego relationship for jurisdictional purposes where "'(1) . . . there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) . . . failure to disregard [their separate identities] would result in fraud or injustice.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001), *overruled on other grounds by Williams*, 851 F.3d at 1024 (noting that *Daimler* overruled the agency test previously used in *Unocal*). This approach is similar to the approach that California courts have adopted for alter ego liability. *See Goodrich v. Briones (In re Schwarzkopf)*, 626 F.3d 1032, 1038 (9th Cir. 2010) (stating that "California recognizes alter ego liability where two conditions are met: First, where 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice'"); *see also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1043 (C.D. Cal. 2015) (listing factors to consider, under California law, regarding unity of interest – *e.g.*, commingling of funds, holding out by one entity that it is liable for the debits of the other, use of the same offices and employees, use of one as a mere shell or conduit for the affairs of the other, identity of officers and directors, failure to adequately capitalize, etc.).

In the instant case, Skyroam asserts an alter ego relationship based on (1) identity of officers and directors and (2) a website that presents a unified "uCloudlink" name. Even accepting

1  those facts as true, they make an alter ego relationship possible but are not enough on their own to
2  establish a prima facie case of unity of interest or ownership. *Cf., e.g.*, *Eclectic Properties E., LLC
3  v. The Marcus & Millichap Co.*, No. C-09-00511 RMW, 2012 U.S. Dist. LEXIS 28865, at *17-18
4  (N.D. Cal. Mar. 5, 2012) (finding that, *e.g.*, the occupation of the same corporate headquarters, the
5  sharing of many of the same employees, the sharing of the same corporate philosophy and
6  operating principles, and marketing materials that referred to the companies interchangeably were
7  not enough to show alter ego liability).

### 4. Jurisdictional Discovery

For the foregoing reasons, the Court does not find Skyroam's personal jurisdiction arguments persuasive. Skyroam asks, however, that, before the Court make a final decision on personal jurisdiction, that it be given the opportunity to take some jurisdictional discovery. The Ninth Circuit has stated that, "'[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . .'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006). *See, e.g.*, *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) ("Plaintiffs fail to identify any specific facts, transactions, or conduct that would give rise to personal jurisdiction over ATEC in California. In light of their purely speculative allegations of attenuated jurisdictional contacts, the district court did not abuse its discretion when it denied Plaintiffs' request for further discovery."). On the other hand, the Ninth Circuit has also noted that

> "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," discovery should be granted when, [*e.g.*], the jurisdictional facts are contested or more facts are needed.

*Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003).

In the instant case, Skyroam makes a fair argument that more facts are needed (*e.g.*, on stream of commerce and alter ego) in order for the Court to assess personal jurisdiction. The Court therefore gives Skyroam leave to take jurisdictional discovery. Although the Court is giving

13

Skyroam leave, the Court emphasizes that it is not permitting a fishing expedition and expects that the discovery served will be limited and narrowly tailored. Such discovery shall be completed within 45 days of the date of this Order. If, after discovery is completed, Skyroam believes in good faith that there is a prima facie case for jurisdiction over uCloudlink Shenzhen and/or uCloudlink HK, then it may file a new motion asking for leave to add one or both companies to the case as counterdefendants for the trade secret misappropriation claims. The motion should be supported by evidence obtained through discovery.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Skyroam's motion for leave to amend. Skyroam has leave to add counterclaims for trade secret misappropriation and to add Skyroam Shenzhen as a counterclaimant. At this juncture, Skyroam does not have leave to add uCloudlink Shenzhen or uCloudlink HK as counterdefendants.

Skyroam shall file its amended answer and counterclaims, as permitted above, within 30 days.

This order disposes of Docket No. 17.

**IT IS SO ORDERED**.

Dated: January 25, 2019

_____
EDWARD M. CHEN
United States District Judge