UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIMO HOLDINGS INC., et al., <br><br> Defendants. | Case No. 18-cv-05031-EMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS FIFTH AND SIXTH COUNTERCLAIMS** <br><br> Docket No. 55 |

Currently pending before the Court is uCloudlink's motion to dismiss the fifth and sixth counterclaims filed by SIMO/Skyroam. The Court held a hearing on the motion on April 18, 2019. This order memorializes the Court's rulings at the hearing and provides additional analysis as necessary.

The counterclaims at issue related to trade secret misappropriation. According to SIMO/Skyroam, Wang Bin is not the only one to have engaged in trade secret misappropriation; uCloudlink is also a misappropriator. SIMO/Skyroam offers two theories in support of the counterclaims that uCloudlink misappropriated trade secrets:

(1) Before uCloudlink was formed, Wang Bin worked with uCloudlink Hong Kong's CEO (Gao Wen) and other uCloudlink founders at Huawei. They entered into a conspiracy, agreeing that Wang Bin would seek employment with Skyroam while the others would form uCloudlink as a competitor. Wang Bin would learn Skyroam's trade secrets and then leave, bringing the trade secrets to uCloudlink.

(2) Alternatively, even if there were no conspiracy, uCloudlink knew or should have

known that Wang Bin had misappropriated Skyroam trade secrets after he was deposed in November 2018 in the New York patent infringement case. However, even after learning such, uCloudlink continued to sell its products, which embody the Bin Patents. The Bin Patents use Skyroam trade secrets.

As an initial matter, the Court rejects SIMO/Skyroam's contention that the motion to dismiss should be denied because the Court previously gave SIMO/Skyroam leave to add trade secret misappropriation counterclaims to the case. When the Court gave SIMO/Skyroam leave to amend, it simply indicated that there was no indication that the counterclaims would be futile. The Court did not bar uCloudlink from challenging the adequacy of the claims under a 12(b)(6) standard.

As to the SIMO/Skyroam's first misappropriation theory – *i.e.*, that there was a conspiracy –there are insufficient allegations to support a claim for relief. First, SIMO/Skyroam have largely lumped together the two uCloudlink entities – *i.e.*, uCloudlink Hong Kong and uCloudlink America. SIMO and Skyroam need to have allegations specific to each counterdefendant. Second, aside from the lumping problem, SIMO/Skyroam have made allegations suggesting that a conspiracy was possible, but plausibility is required, not just possibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility "of entitlement to relief."'"). For example, just because Gao Wen was named as a co-inventor along with Wang Bin on a Bin Patent does not make it plausible that he agreed years in advance that Wang Bin would get a job with Skyroam and then steal its trade secrets for Gao Wen's benefit.

With respect to the second misappropriation theory, the Court notes that it is predicated on the assumption that, initially, Wang Bin was the only wrongdoer – *i.e.*, he took the trade secrets unbeknownst to uCloudlink and uCloudlink used the trade secrets without knowing that they belonged to SIMO and Skyroam. Under this theory, uCloudlink also became a wrongdoer once it learned of Wang Bin's misappropriation (*i.e.*, when Wang Bin gave his deposition) and yet still continued to manufacture and sell its products which use the Bin Patents which, in turn, use the trade secrets. But, if that is the situation, then – as uCloudlink contends – the Bin Patents

2

*published* the trade secrets and, upon publication, any trade secret status was lost prior to the time of Wang Bin's deposition; thus, uCloudlink could not be a wrongdoer because, by the time it got involved, there was no trade secret. *See, e.g.*, Cal. Civ. Code § 3426.1(d) (defining a trade secret as information that "[d]erives independent economic value . . . *from not being generally known* to the public or to other persons who can obtain economic from its disclosure or use; and . . . [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy") (emphasis added); *see also* 1 Milgrim on Trade Secrets § 1.05 (stating that, "[u]pon information's becoming publicly disclosed or readily available it prospectively loses its character as a trade secret"). *See, e.g.*, *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520 (N.D. Cal. 2000) (Armstrong, J.) (holding that certain trade secrets belonging to plaintiff were no longer secret because another party had published them in patent applications, approximately a year before the defendant acquired the technology from that party; "the element of secrecy was gone by the time that Microsoft acquired the information").

The Court acknowledges that, arguably, there is some element of unfairness to SIMO/Skyroam here: why should SIMO/Skyroam have the trade secret status taken away because a perpetrator stole and then published it? But this second theory of misappropriation is directed not at Wang Bin, the perpetrator, but at uCloudlink. SIMO/Skyroam are not precluded from pursuing relief against Wang Bin for his publication of the trade secrets in the first instance. The case cited by SIMO/Skyroam at the hearing, *Underwater Storage, Inc. v. United States Rubber Co.*, 371 F.2d 950, (D.C. Cir. 1966), is not to the contrary. There, the D.C. Circuit stated that, "[o]nce the secret is out, the rest of the world may well have a right to copy it at well; but this should not protect the misappropriator *or his privies*." *Id.* at 955 (emphasis added). Under the second misappropriation theory here, uCloudlink was not one of Wang Bin's privies because under the second theory, it had no material relationship with Wang Bin. As to Wang Bin, at the time of his theft and publication, uCloudlink stood in the same position as a member of the public.

Accordingly, the Court **GRANTS** the motion to dismiss the fifth and sixth counterclaims. However, SIMO/Skyroam has leave to amend the two counterclaims. To the extent SIMO/Skyroam has indicated that it may make additional amendments (*e.g.*, adding allegations to

3

support inequitable conduct or adding new counterdefendants), the parties should meet and confer, *see* Fed. R. Civ. P. 15(a)(2) (providing that, where there is no longer a right to amend as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave"), and, if no agreement is reached, then the parties should agree upon a reasonable briefing and hearing schedule on a motion for leave to amend.

This order disposes of Docket No. 55.

**IT IS SO ORDERED**.

Dated: April 22, 2019

EDWARD M. CHEN
United States District Judge