L. Howard Chen (SBN 257393)
howard.chen@klgates.com
Harold H. Davis (SBN 235552)
harold.davis@klgates.com
Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
Rachel E. Burnim (SBN 292952)
rachel.burnim@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Attorneys for Defendants and Counterclaimants
SIMO Holdings Inc., Skyroam, Inc., and
Shenzhen Skyroam Technology Co., Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED AND UCLOUDLINK (AMERICA), LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> SIMO HOLDINGS INC. AND SKYROAM, INC., <br><br> Defendants. | Case No.: 18-cv-05031-EMC <br><br> **DEFENDANTS SIMO HOLDINGS INC. AND SKYROAM, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIMS TO ADD INEQUITABLE CONDUCT DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:      October 10, 2019 <br> Time:      1:30 P.M. <br> Judge:    Edward M. Chen <br> Courtroom: 5 |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2019 at 10:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 5 of the above-captioned Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendants SIMO Holdings Inc. and Skyroam, Inc. ("Skyroam") (collectively, "Defendants") hereby move this Court for leave to file a Third Amended Answer and Counterclaims to add affirmative defenses relating to inequitable conduct and improper inventorship.[1]

Defendants' amendment would not significantly affect scheduling in this case because the case is still in its very beginning stages and the Court has not yet held the claim construction hearing. The amendment would not unfairly prejudice Plaintiffs because Defendants' affirmative defenses are closely related to uCloudlink's products and the subject matter of the patents already asserted by Defendants in the present case, and any evidence of intellectual property theft is highly relevant to the question of copying (patent invalidity) and the validity of Defendants' patent ownership. The proposed additional affirmative defenses are sufficient in law and are requested in good faith. There is no undue delay in seeking a leave from the Court.[2] Because leave should be freely given to amend pleadings, the Court should allow Defendants to amend their Answer and additional affirmative defendants.

Pursuant to the parties' meet and confer efforts, the parties have agreed and stipulated on a briefing schedule for this motion (Dkt. 87):

    Motion:       August 19, 2019
    Opposition:   September 9, 2019
    Reply:        September 19, 2019

---

[1] A copy of Defendants' proposed Third Amended Answer and Counterclaims is attached as Exhibit A to this Motion. A redline between Defendants' prior answer and counterclaims and their proposed first amended answer and counterclaims is attached as Exhibit B.

[2] Defendants alerted this Court no later than July 15, 2019, that it intended to seek leave to add additional affirmative defenses after the resolution of Plaintiffs' Motion to Dismiss (Dkt. 81, n 5) but in the interest of preserving its rights, have decided to file its motion at the present time. Defendants do not object to the Court taking up this matter until after the Motion to Dismiss is resolved. Defendants also expect to file a motion for leave to amend to join parties after they complete their evaluation of the documents produced by Plaintiffs pursuant to jurisdictional discovery.

1

MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT   CASE NO.: 18-CV-05031-EMC

Hearing:        October 10: 2019 1:30 P.M.

This motion is based on this Notice of Motion and Motion, the included Memorandum of Points and Authorities, the Declaration of Harold H. Davis and attachments thereto, filed herewith, pleadings and records on file in this action, such additional authority and argument as may be presented in any Reply and at the hearing on this Motion, and such other matters of which this Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants / Counter-Claimants seek to amend their complaint to add an inequitable conduct defense and improper inventorship defense to Plaintiffs' patent infringement claims. On August 5, 2019, the parties met and conferred about Skyroam's motion to for leave to amend to add these affirmative defenses. Plaintiffs informed Defendants that they would not stipulate to allowing Defendants to amend their affirmative defenses. Because this lawsuit is still in its early stages - not a single deposition has yet taken place, and claim construction is not scheduled until November 29, 2019, Defendants seek leave to amend their Answer and Counterclaims in this case.

### I.    AMENDMENTS SHOULD BE FREELY GRANTED

The Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15. The five factors the Court may consider in determining whether to allow an amendment are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Those factors weigh heavily in favor of granting Defendants' Motion.

"Rule 15's policy favoring amendments is liberally applied" by courts in the Ninth Circuit. *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). "A simple denial of leave to amend without any explanation by the district court is subject to reversal. Such a judgment is 'not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" *Id.* (citing *Foman*, 371 U.S. at 182); *see also Klamath–Lake*

*Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir.1983) (noting "where the record does not clearly dictate the district court's denial, we have been unwilling to affirm absent written findings").

"'The party opposing amendment 'bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Eminence Capital LLC*, 316 F.3d at 1052 (9th Cir. 2003) *citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Because Plaintiffs cannot sustain their burden, this Court should grant Defendants' Motion for Leave to Amend.

## II. THE PROPOSED AMENDMENT IS APPROPRIATE

### A. Proposed Additional Affirmative Defenses

Defendants' proposed amended affirmative defenses are included below:

**SIXTH AFFIRMATIVE DEFENSE - INEQUITABLE CONDUCT**

(Equitable Estoppel, Waiver, Acquiescence, and Unclean Hands)

uCloudlink's claims for relief are barred in whole or in part by the equitable doctrines of estoppel, waiver, acquiescence, unclean hands, and/or other equitable doctrines, including the doctrine of inequitable conduct.

Gao Wen signed a declaration under oath on January 22, 2014, that he was the original inventor of the subject matter described in and claimed in Application No. 14/160,978, which later issued as U.S. Patent No. 9,548,780. Application No. 14/160,978 claims priority back to Chinese Patent Application No. 201310685165.2, filed before the Chinese Patent Office on December 13, 2013.

Gao Wen signed a declaration under oath on January 21, 2014, that he was the original inventor of the subject matter described in and claimed in Application No. 14/ 159,808, which later issued as U.S. Patent No. 9,432,066. Application No. 14/159,808 claims priority back to Chinese Patent Application No. 201310685038.2, filed before the Chinese Patent Office on December 13, 2013.

Prior to signing his sworn inventor declarations for each Asserted Patent and prior to filing the Chinese patent applications to which each Asserted Patent claims priority, Gao Wen was aware that he was not the sole or joint original inventor of the subject matter in the patent applications that later issued as the Asserted Patents. Prior to December 13, 2013, Gao Wen was aware that subject matter disclosed in the Asserted Patents was originally invented by Jing Liu, Richard Xu, and Xiaolei Qin.

In particular, upon information and belief, Wang Bin had informed Gao Wen that Jing Liu, Richard Xu, and Xiaolei Qin invented

3

the claimed subject matter of the Asserted Patents. Wang Bin worked at Skyroam Shenzhen from April 2013 until August 2013. Defendants believe that Gao Wen asked Wang Bin to work for Skyroam in order to steal Skyroam's intellectual property. During his time at Skyroam Shenzhen, Wang Bin was aware of Skyroam's intellectual property, including Application No. 12/039,646, invented by Jing Liu, Richard Xu, and Xiaolei Qin and filed on Feb. 28, 2008, and the patent resulting from this application, U.S. Patent No. 8,116,735. During his time at Skyroam Shenzhen, Wang Bin was also aware of the Skyroam's virtual SIM technology and the 3GMate product developed by Skyroam that practiced Skyroam's virtual SIM technology and the subject matter of Application No. 12/039,646 and U.S. Patent No. 8,116,735.

Wang Bin used his time at Skyroam Shenzhen to learn about Skyroam's intellectual property so he could then disclose it to Gao Wen and other individuals at uCloudlink. Approximately one month after Mr. Bin left Skyroam Shenzhen, on September 29, 2013, he joined Shenzhen Netshun Technology Co., Ltd., a company that was later merged into Shenzhen uCloudlink Network Technology Co., Ltd. Upon information and belief, on or about September 29, 2013, Wang Bin informed Gao Wen about Skyroam's 3GMate product, Application No. 12/039,646, and U.S. Patent No. 8,116,735. Wang Bin also provided Gao Wen and others at uCloudlink with multiple pre-September 2013 Skyroam documents that mention Skyroam's 3GMate product. Both Skyroam's 3GMate product, which uses Skyroam's virtual SIM technology, and Application No. 12/039,646/U.S. Patent No. 8,116,735 anticipate the claims of the Asserted Patents as described in detail in Skyroam's invalidity contentions.

The Asserted Patents are therefore unenforceable due to inequitable conduct because, prior to December 13, 2013, Gao Wen knew that he was not an original sole or joint inventor of the Asserted Patents. Instead, the subject matter of the Asserted Patents was invented by Jing Liu, Richard Xu, and Xiaolei Qin.

The Asserted Patents are also unenforceable due to inequitable conduct because, prior to the issuance of either Asserted Patent, both Gao Wen and Hong Kong uCloudlink Network Technology Limited were aware that U.S. Patent No. 8,116,735 was material prior art, yet failed to disclose U.S. Patent No. 8,116,735 or Application No. 12/039,646 to the Patent Office. uCloudlink's Chief Architect, Dr. Thomas Gong, reviewed U.S. 8,116,735 in April 2016. Upon information and belief, Dr. Gong shared U.S. Patent No. 8,116,735 with Gao Wen and others at uCloudlink. Upon information and belief, Gao Wen knew that these references were material and non-cumulative yet intentionally withheld them from the Patent Office so that the Asserted patents would issue.

Under uCloudlink's apparent interpretation of the Asserted Patents, U.S. Patent No. 8,116,735 and Application No. 12/039,646 anticipate every claim of the Asserted Patents as described in detail in Skyroam's invalidity contentions. The invalidity of the Asserted Patents over U.S. Patent No. 8,116,735 and Application No. 12/039,646 is enough to establish requisite "but for" materiality of these prior art references because the district court's invalidity determination requires

a higher burden of proof than the Patent Office's evidentiary standards for patentability. Thus, the Asserted Patents would not have issued but-for Gao Wen's withholding of U.S. Patent No. 8,116,735 or Application No. 12/039,646.

By way of further example Gao Wen and Hong Kong uCloudlink Network Technology Limited knew that U.S. Patent No. 8,116,735 and Application No. 12/039,646 were material, non-cumulative prior art because they disclose the exact features that the applicant claimed was missing from the Van der Laak and Zhang prior art references in the Reply to Office Action of August 26, 2015 during the prosecution of the '066 patent. In the November 27, 2015, Reply to the Office Action of August 26, 2015, the applicant amended Claim 1 to add multiple limitations, each of which are disclosed by U.S. Patent No. 8,116,735 and Application No. 12/039,646 as described in detail in Skyroam's invalidity contentions. The applicant further distinguished the prior art over Zhang and/or Van der Laak as follows:

1) Portions of the Van der Laak prior art reference provide no details of the authentication and, at most, suggest the lookup of credentials. There is no calculation by the SIM card to derive an authentication data packet to form an authentication request. The Examiner doesn't even cite Zhang for this authentication feature.

2) Van Der Laak allegedly did not disclose that the authentication calculating unit communicate with the second service provider system and the remote server.

3) Zhang allegedly did not disclose "the communication management module further comprises a remote SIM calling unit configured to: when other devices call the service of a local physical SIM card through the remote server, return the authentication result to the remote server, and implement sharing of the local physical SIM card."

As described in detail in Skyroam's invalidity contentions, U.S. Patent No. 8,116,735 and Application No. 12/039,646 disclose each of the distinguishing features that the Van der Laak and Zhang references allegedly lacked under uCloudlink's interpretation of the Asserted Patents. Thus, the Asserted Patents would not have issued but for Gao Wen's withholding of U.S. Patent No. 8,116,735 or Application No. 12/039,646.

By way of further example, Gao Wen and Hong Kong uCloudlink Network Technology Limited knew that U.S. Patent No. 8,116,735 and Application No. 12/039,646 were material, non-cumulative prior art because they disclose the exact features that the applicant claimed was missing from the Van der Laak, Kim, and/or Zhang prior art references in the August 25, 2016, Reply to Office Action of May 27, 2016 during the prosecution of the '780 patent. In particular, the applicant amended claim 12 to add the limitations of cancelled claim 14. However, as described in detail in Skyroam's invalidity contentions, U.S. Patent No. 8,116,735 and Application No. 12/039,646 disclose each of the allegedly distinguishing features of cancelled claim 14 under uCloudlink's interpretation of the Asserted Patents. Thus, the Asserted Patents would not have issued but for Gao

> Wen's withholding of U.S. Patent No. 8,116,735 or Application No. 12/039,646.
>
> Thus, Gao Wen and uCloudlink were aware of U.S. Patent No. 8,116,735 and Application No. 12/039,646 and their relevance to the Asserted Patents, yet intentionally withheld these material, non-cumulative references from the Patent Office. The Asserted Patents are therefore further unenforceable due to inequitable conduct because the patentee intentionally withheld material, non-cumulative prior art from the Patent Office.
>
> ***
>
> **THIRTEENTH AFFIRMATIVE DEFENSE - IMPROPER INVENTORSHIP**
>
> (Failure to Name an Original Inventor)
>
> 35 U.S. Code § 115(b)(2) requires that the inventor's oath or declaration identify "such individual believes himself or herself to be the original inventor or an original joint inventor of a claimed invention in the application." *See also* 35 U.S.C. § 101 ("Whoever invents or discovers … may obtain a patent."); MPEP § 2157 (directing examiners to reject applications with improper naming of inventors).
>
> Gao Wen's January 21 and 22, 2014, inventor declarations name him as the sole inventor of each Asserted Patent. uCloudlink has provided no evidence that Gao Wen, solely or jointly, invented either Asserted Patent. To the contrary, as explained above in Defendants' Sixth Affirmative Defense, incorporated herein, by at least December 13, 2013, Gao Wen was aware that Jing Liu, Richard Xu, and Xiaolei Qin were the true inventors of the Asserted Patents.
>
> The Asserted Patents are therefore invalid for failure to name the correct joint inventors of the patents.

Defendants' Proposed Third Amended Answer and Counter Claims (Underlined language is proposed affirmative defenses).

### B. The Amendment Will Not Prejudice Plaintiffs

"Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Mora v. U.S. Bank N.A.*, 2012 WL 879248 at *4 (N.D. Cal. Mar. 15, 2012). There will be no prejudice to Plaintiffs if Defendants are allowed to amend its Answer and Counterclaims because there is sufficient time to conduct necessary discovery as this case is still in the early stages of discovery. Plaintiffs have not offered any specific argument during meet-and-confers, let alone evidence, of any prejudice it would suffer should such affirmative defenses be permitted.

Defendants' allegations of inequitable conduct and improper inventorship refer to information that is entirely within the knowledge of Plaintiffs, their affiliated companies, and their current and former employees. They have been aware of some, if not all of the factual information relevant to Defendants' affirmative defenses since the New York Action between the same parties (*SIMO Holdings Inc. v. Hong Kong uCloudlink Network Technology Limited*, No. 18-cv-5427-JSR (S.D.N.Y. filed June 15, 2018), and by the very nature of these allegations, Plaintiffs have been aware of their own inequitable conduct since Plaintiffs and/or their employees such as Wen Gao first sent Wang Bin to steal Defendants' technology in 2013.

Furthermore, Plaintiffs have been on notice of the allegations that form the basis for Defendants' affirmative defenses since Defendants served their invalidity contentions on April 18, 2019. Plaintiffs have had ample opportunity to begin formulating their defense to those allegations and amendment now will not prejudice them in any manner.

Discovery has only just begun, and there is not yet even a date for the close of fact discovery. Courts in this district routinely allow for amendments to answers to add affirmative defenses such as those sought by Defendants. *See ChriMar Sys., Inc. v. CISCO Sys. Inc.*, 2016 WL 1623922 (N.D. Cal. Apr. 21, 2016) (Granting motion to amend to include affirmative defense of inequitable conduct even though discovery had closed and dispositive motions were imminent); *FujiFilm Corp. v. Motorola Mobility LLC*, 2014 WL 2730724 (N.D. Cal. Jun. 16, 2014) (Granting motion to amend to add inequitable conduct defense relating to inventorship.); *Finjan, Inc. v. Check Point Software Techs, Inc.*, 2019 WL 1455333 (N.D. Cal. Apr. 2, 2019) (Granting leave to amend to include inequitable conduct defenses before claim construction).

Given that Plaintiffs have been on notice of the relevant allegations and discovery has only just begun, Plaintiffs will suffer no prejudice if Defendants are permitted to amend its answer to include these defenses. Because it is Plaintiffs' burden to show prejudice, Defendants reserve their right to rebut any claim of prejudice in Plaintiffs' reply papers.

### C. Defendants are Not Attempting to Amend In Bad Faith

The amendment is not being made in bad faith. Based on the evidence discovered in the New York Action, Defendants have a credible and highly substantiated belief that prior to December

13, 2013, Gao Wen, the inventor identified on the asserted patents, knew that he was not the sole or joint original inventor of the subject matter in the patent applications that was later issued as the asserted patents. During discovery in the New York Action, Plaintiffs produced documents that contained Defendants' confidential information. Those documents were allegedly pulled from the work computer of former uCloudlink employee, Wang Bin. Those documents include detailed technical documents describing Defendants' technology in general, products that practice Defendant SIMO's patented technology, and Defendants' trade secrets. Plaintiffs used this information to seek patents of their own, demonstrating a practice of utilizing the inventions of Defendants in their own efforts to secure intellectual property. Furthermore, during the New York Action, Plaintiffs represented that while Plaintiffs were aware of one of Defendant SIMO's patents incorporating much of the same technology utilized in the Asserted Patents before the asserted Patents issued, but failed to bring this patent to the attention of the patent examiner.

### D. **<u>Defendants Did Not Unduly Delay Their Request for Leave to Amend</u>**

Defendants' have not unduly delayed its request for leave to amend its answer to include these affirmative defenses. The deadlines for Defendants' invalidity contentions, along with the timing of Defendants' earlier motion to amend its responsive pleadings and the ongoing disputes related thereto demonstrate that Defendants have not unduly delayed this request for leave to amend.

First, Defendants developed the invalidity theories that form the foundation for its affirmative defenses when preparing their invalidity contentions, which were served on April 4, 2019, pursuant to the Scheduling Order. Dkt. 64. While Defendants were developing these theories, Defendant SIMO and Plaintiffs were preparing for and going to trial in the New York Action. Indeed, the parties acknowledged the difficulty managing both cases at the same time given trial schedule in the New York Action and the parties agreed to continue the deadlines in this case, including those invalidity contentions by nearly two weeks. Dkt. 64.

Second, Defendants sought to amend their answer to include counterclaims of misappropriation of trade secrets in December 2018 — long before Defendants' invalidity contentions were due. Dkt. 17. The information gathered by Defendants' in support of that misappropriation claim came from discovery of documents and testimony in the New York Action, which was ongoing when

Defendants sought leave to amend in December. At this time, Defendants were still taking depositions and gathering and evaluating information related to that case and had not yet formulated its theories with respect to invalidity of the Asserted Patents in this matter.

The Court granted Defendants' initial motion for leave to amend, but the Court granted Plaintiffs' motion to dismiss, with leave to Amend. Pursuant to that order, Defendants filed the Second Amended Answer and Counterclaims on June 21, 2019. Because Defendants' initial motion for leave to amend did not include a request to add these affirmative defenses, Defendants could not incorporate these affirmative defenses into the amended pleading filed on June 21, 2019. In an effort to avoid confusing the matter further, Defendants considered it more appropriate to resolve issues surrounding the addition of the counterclaims before subsequently requesting leave to amend here.

However, in an effort to avoid any concern of delay, Defendants have decided to file this motion for leave to amend at this time.

### E. Defendants' Amendment Would not Be Futile

The remaining factors also favor allowing Defendants' amendment of its Answer and Counterclaims because the amendment is Defendants' first amendment of its responsive pleadings with respect to its affirmative defenses and it would not be futile. Specifically, Defendants seek to add affirmative defenses described above. The proposed amendment is sufficient in law as demonstrated by the specific allegations in those defenses above and attached to the Proposed Third Amended Answer and Counterclaims attached to the Declaration of Peter E. Soskin as Exhibit A.

Moreover, these factors are less of an issue in the instant case than a case where movant is attempting to amend claims to address a deficiency in the original pleading. Here, the amendment seeks to add and clarify defenses that, due to the requirement that they be pleaded with specificity, necessitated discovery before Defendants could properly raise them. Defendants could not have discovered the facts that form the basis of these affirmative defenses at the time of its original answer, as the documents that provide a basis for now filing the claim were produced for the first time in October 2018 and the substantiating discovery followed that document production. Davis Decl. at ¶ 4-5, Ex. C to the Davis Decl. (H. Davis Email to R. Busby Oct. 16, 2018).

### III. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for leave to amend their Answer and Counterclaims to add affirmative defenses.

Dated: August 19, 2019           Respectfully Submitted,

By: */s/* Harold H. Davis, Jr.
L. Howard Chen (SBN 257393)
howard.chen@klgates.com
Harold H. Davis (SBN 235552)
harold.davis@klgates.com
Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Yang Liu (SBN 319390)
yang.liu@klgates.com
K&L GATES LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 798 6700
Facsimile: +1 650 798 6701

Gina A. Jenero (*admitted pro hac vice*)
gina.jenero@klgates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL 60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Jeffrey C. Johnson (*admitted pro hac vice*)
jeff.johnson@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: +1 206 3708338
Facsimile: +1 206 623 7022

Attorneys for Defendants and Counterclaimants
SIMO Holdings Inc., Skyroam, Inc., and
Shenzhen Skyroam Technology Co., Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 19, 2019, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

*/s/* Harold H. Davis, Jr.
Harold H. Davis, Jr.