Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Benjamin E. Weed (*admitted pro hac vice*)
Gina A. Jenero (*admitted pro hac vice*)
Farris S. Matariyeh (*admitted pro hac vice*)
benjamin.weed@klates.com
gina.jenero@klgates.com
farris.matariyeh@klgates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL  60602Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Jeffrey C. Johnson (*admitted pro hac vice*)
jeff.johnson@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone:  +1 206 3708338
Facsimile: +1 206 623 7022

Attorneys for Defendants and Counterclaimants
SIMO Holdings Inc. and Skyroam, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED AND UCLOUDLINK (AMERICA), LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>SIMO HOLDINGS INC. AND SKYROAM, INC.,<br><br>Defendants. | Case No.: 18-cv-05031 (EMC)<br><br>**[CORRECTED] DEFENDANTS SIMO HOLDINGS INC.'S AND SKYROAM, INC.'S FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

SIMO Holdings Inc. ("SIMO") and Skyroam, Inc. (collectively, "Defendants" or "Counterclaimants") hereby submit this Fourth Amended Answer and Counterclaims in response to Plaintiffs Hong Kong uCloudlink Network Technology Limited and UCloudlink (America), Ltd.'s (collectively, "Plaintiffs" or "uCloudlink") Complaint for Patent Infringement ("Complaint") as follows:

## PARTIES[1]

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore deny them.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore deny them.

3.      Defendants admit the allegations of Paragraph 3 of the Complaint.

4.      Defendants admit the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Defendants admit this is a patent infringement case.

6.      Defendants admit that this Court has subject matter jurisdiction but denies that uCloudlink has any viable claim in this case.

7.      Defendants admit that Defendants conduct business in California and that this Court has personal jurisdiction over Defendants. Defendants deny that they have committed any acts of direct or indirect infringement and deny the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendants admit that Defendants conduct business in California. Defendants deny that they have committed any acts of direct or indirect infringement and deny the remaining allegations of Paragraph 8 of the Complaint.

9.      Defendants admit the allegations of Paragraph 9 of the Complaint.

10.      Defendants admit that Skyroam has a principal place of business in California and that this Court has general personal jurisdiction over Skyroam. Defendants deny that Defendants have

---

[1] To avoid confusion, Defendants use the headings used by uCloudlink, but Defendants do not intend any admissions or endorsement of their contents.

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

committed any acts of direct or indirect infringement and deny the remaining allegations of Paragraph 10 of the Complaint.

11.     Defendants admit the allegations of Paragraph 11 of the Complaint.

## INTRADISTRICT ASSIGNMENT

12.     Defendants admit the allegations of Paragraph 12 of the Complaint.

## PATENTS-IN-SUIT

13.     Defendants admit that what purports to be a copy of U.S. Patent Number 9,432,066 ("the '066 patent"), which on its face includes a title of "Multi-Channel Communication Terminal" and an issue date of Aug. 30, 2016, is attached as Exhibit A to the Complaint. Defendants deny that the '066 patent was duly and legally issued by the United States Patent and Trademark Office.[2]

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore deny them.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore deny them.

16.     Defendants admit that what purports to be a copy of U.S. Patent Number 9,548,780 ("the '780 patent"), which on its face includes a title of "Service Sharing System and Apparatus" and an issue date of Jan. 17, 2017, is attached as Exhibit B to the Complaint. Defendants deny that the '780 patent was duly and legally issued by the United States Patent and Trademark Office.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore deny them.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore deny them.

## ACCUSED PRODUCTS AND TECHNOLOGY

---

[2] While the operative Complaint still references the '066 Patent, Plaintiffs' allegations regarding the '066 Patent have been dismissed with prejudice.  (Dkt. No. 100).  For completeness of the record, Defendants maintain their responses to Plaintiffs' '066 Patent-related allegations, noting that Plaintiffs' allegations have been dismissed with prejudice.

19.      Paragraph 19 consists of uCloudlink's subjective characterizations of Defendants' products and services and thus requires no response. To the extent a response is required, Defendants admit that Skyroam's website (https://www.skyroam.com/how-it-works) states: "Simply turn on Skyroam Solis or Skyroam Hotspot and it'll automatically find the best local signal wherever you go, so you don't have to do the legwork." Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20.      Defendants admit that Defendants' products are sold in this District but deny that any of Defendants' products or services infringe the '066 and '780 patents and deny the remaining allegations of Paragraph 20 of the Complaint.

## COUNT I — INFRINGEMENT OF U.S. PATENT NO. 9,432,066

21.      Defendants incorporate their Answers to Paragraphs 1 through 20 as if fully set forth herein.

22.      Defendants deny the allegations of Paragraph 22 of the Complaint.

23.      Defendants deny the allegations of Paragraph 23 of the Complaint.

24.      Defendants deny the allegations of Paragraph 24 of the Complaint.

25.      Defendants deny the allegations of Paragraph 25 of the Complaint.

26.      Defendants deny the allegations of Paragraph 26 of the Complaint.

27.      Defendants deny the allegations of Paragraph 27 of the Complaint.

28.      Defendants deny the allegations of Paragraph 28 of the Complaint.

29.      Defendants deny the allegations of Paragraph 29 of the Complaint.

30.      Defendants deny the allegations of Paragraph 30 of the Complaint.

31.      Defendants deny the allegations of Paragraph 31 of the Complaint.

32.      Defendants deny the allegations of Paragraph 32 of the Complaint.

33.      Defendants deny the allegations of Paragraph 33 of the Complaint.

34.      Defendants deny the allegations of Paragraph 34 of the Complaint.

35.      Defendants deny the allegations of Paragraph 35 of the Complaint.

36.      Defendants deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint.

39.     Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     Defendants admit that Defendants became aware of the '066 patent upon receiving the Complainant. Defendants deny the remaining allegations of Paragraph 40 of the Complaint.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants admit that Defendants became aware of the '066 patent upon receiving the Complainant. Defendants deny any infringing acts and the remaining allegations of Paragraph 42 of the Complaint.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

### COUNT II — INFRINGEMENT OF U.S. PATENT NO. 9,548,780

44.     Defendants incorporate their Answers to Paragraphs 1 through 43 as if fully set forth herein.

45.     Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants deny the allegations of Paragraph 51 of the Complaint.

52.     Defendants deny the allegations of Paragraph 52 of the Complaint.

53.     Defendants deny the allegations of Paragraph 53 of the Complaint.

54.     Defendants deny the allegations of Paragraph 54 of the Complaint.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Complaint.

58.     Defendants deny the allegations of Paragraph 58 of the Complaint.

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

59.     Defendants admit that Defendants became aware of the '780 patent upon receiving the Complainant. Defendants deny the remaining allegations of Paragraph 59 of the Complaint.

60.     Defendants deny the allegations of Paragraph 60 of the Complaint.

61.     Defendants admit that Defendants became aware of the '780 patent upon receiving the Complainant. Defendants deny any infringing acts and the remaining allegations of Paragraph 61 of the Complaint.

62.     Defendants deny the allegations of Paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that uCloudlink is entitled to the requested relief as identified in the Prayer for Relief or any other relief requested.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses to the allegations of uCloudlink's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to their responses above, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each purported claim asserted therein, fails to state a cause of action for which relief can be granted and/or fails to plead the allegations with sufficient particularity.

### SECOND AFFIRMATIVE DEFENSE

(Non-Infringement)

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

Defendants do not infringe and have not infringed (not directly, indirectly, contributorily, by inducement, jointly, willfully, or otherwise) any valid, enforceable claim of the '066 and '780 patents, either literally or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

(Invalidity)

The claims of the '066 and '780 patents are invalid because they fail to satisfy the conditions of patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the Accused Products infringe claims of the '066 and '780 patents, on information and belief, those claims are invalid at least for lacking novelty and/or being obvious over the prior art that contained similar features, including without limitation U.S. Patent Nos. 8,116,735 and 9,736,689, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. Defendants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

**FOURTH AFFIRMATIVE DEFENSE**

(Limitation on Damages)

uCloudlink's claim for damages is statutorily limited under 35 U.S.C. § 286.

**FIFTH AFFIRMATIVE DEFENSE**

(Prosecution History Estoppel)

uCloudlink is barred, under the doctrine of Prosecution History Estoppel, from construing the claims of any of the '066 and '780 patents in such a way as may cover any of Defendants' products or processes by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the respective patents. uCloudlink is also estopped from applying the doctrine of equivalents to the claims of the '066 and '780 patents in light of arguments and amendments that were made to the United States Patent and Trademark Office during the prosecution of the '066 and '780 patents. Defendants reserve the right to amend this defense pursuant to the local rules governing claim construction.

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTH AFFIRMATIVE DEFENSE

(Equitable Estoppel, Waiver, Acquiescence, Unclean Hands, and Inequitable Conduct)

uCloudlink's claims for relief are barred in whole or in part by the equitable doctrines of estoppel, waiver, acquiescence, unclean hands, and/or other equitable doctrines, including the doctrine of inequitable conduct.

Gao Wen signed a declaration under oath on January 22, 2014, that he was the original inventor of the subject matter described in and claimed in Application No. 14/160,978, which later issued as U.S. Patent No. 9,548,780. Application No. 14/160,978 claims priority back to Chinese Patent Application No. 201310685165.2, filed before the Chinese Patent Office on December 13, 2013.

Gao Wen signed a declaration under oath on January 21, 2014, that he was the original inventor of the subject matter described in and claimed in Application No. 14/ 159,808, which later issued as U.S. Patent No. 9,432,066. Application No. 14/159,808 claims priority back to Chinese Patent Application No. 201310685038.2, filed before the Chinese Patent Office on December 13, 2013.

Prior to signing his sworn inventor declarations for each Asserted Patent and prior to filing the Chinese patent applications to which each Asserted Patent claims priority, Gao Wen was aware that he was not the sole or joint original inventor of the subject matter in the patent applications that later issued as the Asserted Patents. Prior to December 13, 2013, Gao Wen was aware that subject matter disclosed in the Asserted Patents was originally invented by Jing Liu, Richard Xu, and Xiaolei Qin.

In particular, upon information and belief, Wang Bin had informed Gao Wen that Jing Liu, Richard Xu, and Xiaolei Qin invented the claimed subject matter of the Asserted Patents. Wang Bin worked at SIMO Holdings, Inc.'s Subsidiary, Shenzhen Skyroam Technology Co. Ltd. ("Skyroam Shenzhen"), from April 2013 until August 2013. Defendants believe that Gao Wen asked Wang Bin to work for Skyroam in order to steal Skyroam's intellectual property. During his time at Skyroam Shenzhen, Wang Bin was aware of Skyroam's intellectual property, including Application No. 12/039,646, invented by Jing Liu, Richard Xu, and Xiaolei Qin and filed on Feb. 28, 2008, and the patent resulting from this application, U.S. Patent No. 8,116,735. During his time at Skyroam Shenzhen, Wang Bin was also aware of the Skyroam's virtual SIM technology and the 3GMate

product developed by Skyroam that practiced Skyroam's virtual SIM technology and the subject matter of Application No. 12/039,646 and U.S. Patent No. 8,116,735.

Wang Bin used his time at Skyroam Shenzhen to learn about Skyroam's intellectual property so he could then disclose it to Gao Wen and other individuals at uCloudlink. Approximately one month after Mr. Bin left Skyroam Shenzhen, on September 29, 2013, he joined Shenzhen Netshun Technology Co., Ltd., a company that was later merged into Shenzhen uCloudlink Network Technology Co., Ltd. Upon information and belief, on or about September 29, 2013, Wang Bin informed Gao Wen about Skyroam's 3GMate product, Application No. 12/039,646, and U.S. Patent No. 8,116,735. Wang Bin also provided Gao Wen and others at uCloudlink with multiple pre-September 2013 Skyroam documents that mention Skyroam's 3GMate product. Both Skyroam's 3GMate product, which uses Skyroam's virtual SIM technology, and Application No. 12/039,646/U.S. Patent No. 8,116,735 anticipate the claims of the Asserted Patents as described in detail in Skyroam's invalidity contentions.

The Asserted Patents are therefore unenforceable due to inequitable conduct because, prior to December 13, 2013, Gao Wen knew that he was not an original sole or joint inventor of the Asserted Patents. Instead, the subject matter of the Asserted Patents was invented by Jing Liu, Richard Xu, and Xiaolei Qin.

The Asserted Patents are also unenforceable due to inequitable conduct because, prior to the issuance of either Asserted Patent, both Gao Wen and Hong Kong uCloudlink Network Technology Limited were aware that U.S. Patent No. 8,116,735 was material prior art, yet failed to disclose U.S. Patent No. 8,116,735 or Application No. 12/039,646 to the Patent Office. uCloudlink's Chief Architect, Dr. Thomas Gong, reviewed U.S. 8,116,735 in April 2016. Upon information and belief, Dr. Gong shared U.S. Patent No. 8,116,735 with Gao Wen and others at uCloudlink. Upon information and belief, Gao Wen knew that these references were material and non-cumulative yet intentionally withheld them from the Patent Office so that the Asserted patents would issue.

Under uCloudlink's apparent interpretation of the Asserted Patents, U.S. Patent No. 8,116,735 and Application No. 12/039,646 anticipate every claim of the Asserted Patents as described in detail

in Skyroam's invalidity contentions. The invalidity of the Asserted Patents over U.S. Patent No. 8,116,735 and Application No. 12/039,646 is enough to establish requisite "but for" materiality of these prior art references because the district court's invalidity determination requires a higher burden of proof than the Patent Office's evidentiary standards for patentability. Thus, the Asserted Patents would not have issued but-for Gao Wen's withholding of U.S. Patent No. 8,116,735 or Application No. 12/039,646.

By way of further example Gao Wen and Hong Kong uCloudlink Network Technology Limited knew that U.S. Patent No. 8,116,735 and Application No. 12/039,646 were material, non-cumulative prior art because they disclose the exact features that the applicant claimed was missing from the Van der Laak and Zhang prior art references in the Reply to Office Action of August 26, 2015 during the prosecution of the '066 patent. In the November 27, 2015, Reply to the Office Action of August 26, 2015, the applicant amended Claim 1 to add multiple limitations, each of which are disclosed by U.S. Patent No. 8,116,735 and Application No. 12/039,646 as described in detail in Skyroam's invalidity contentions. The applicant further distinguished the prior art over Zhang and/or Van der Laak as follows:

1) Portions of the Van der Laak prior art reference provide no details of the authentication and, at most, suggest the lookup of credentials. There is no calculation by the SIM card to derive an authentication data packet to form an authentication request. The Examiner doesn't even cite Zhang for this authentication feature.

2) Van Der Laak allegedly did not disclose that the authentication calculating unit communicate with the second service provider system and the remote server.

3) Zhang allegedly did not disclose "the communication management module further comprises a remote SIM calling unit configured to: when other devices call the service of a local physical SIM card through the remote server, return the authentication result to the remote server, and implement sharing of the local physical SIM card."

As described in detail in Skyroam's invalidity contentions, U.S. Patent No. 8,116,735 and Application No. 12/039,646 disclose each of the distinguishing features that the Van der Laak and

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

Zhang references allegedly lacked under uCloudlink's interpretation of the Asserted Patents. Thus, the Asserted Patents would not have issued but for Gao Wen's withholding of U.S. Patent No. 8,116,735 or Application No. 12/039,646.

By way of further example, Gao Wen and Hong Kong uCloudlink Network Technology Limited knew that U.S. Patent No. 8,116,735 and Application No. 12/039,646 were material, non-cumulative prior art because they disclose the exact features that the applicant claimed was missing from the Van der Laak, Kim, and/or Zhang prior art references in the August 25, 2016, Reply to Office Action of May 27, 2016 during the prosecution of the '780 patent. In particular, the applicant amended claim 12 to add the limitations of cancelled claim 14. However, as described in detail in Skyroam's invalidity contentions, U.S. Patent No. 8,116,735 and Application No. 12/039,646 disclose each of the allegedly distinguishing features of cancelled claim 14 under uCloudlink's interpretation of the Asserted Patents. Thus, the Asserted Patents would not have issued but for Gao Wen's withholding of U.S. Patent No. 8,116,735 or Application No. 12/039,646.

Thus, Gao Wen and uCloudlink were aware of U.S. Patent No. 8,116,735 and Application No. 12/039,646 and their relevance to the Asserted Patents, yet intentionally withheld these material, non-cumulative references from the Patent Office. The Asserted Patents are therefore further unenforceable due to inequitable conduct because the patentee intentionally withheld material, non-cumulative prior art from the Patent Office.

### SEVENTH AFFIRMATIVE DEFENSE

(Substantial Non-Infringing Use)

Defendants' methods, systems, products, or services have substantial non-infringing uses so they do not contributorily infringe the '066 and '780 patents.

### EIGHTH AFFIRMATIVE DEFENSE

(License and/or Exhaustion)

uCloudlink's claims are barred, in whole or in part, as a result of express or implied licenses to the '066 and '780 patents and/or other exhaustion defenses at least by virtue of license agreements it has entered into with third parties.

### NINTH AFFIRMATIVE DEFENSE

#### (Marking and Notice)

On information and belief, uCloudlink's purported claims for relief are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a). To the extent that uCloudlink or its predecessors in interest or its licensees in, to, or under the '066 and '780 patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or to otherwise give proper notice that Defendants' actions allegedly infringed the '066 and '780 patents, Defendants are not liable to uCloudlink for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '066 and '780 patents.

### TENTH AFFIRMATIVE DEFENSE

#### (Limitation on Costs)

uCloudlink's request for relief is barred or otherwise limited pursuant to 35 U.S.C. § 288.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

uCloudlink is not entitled to injunctive relief because, *inter alia*, any injury to uCloudlink is not immediate or irreparable, and uCloudlink has an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Attorneys' Fees)

Defendants have engaged in all relevant activities in good faith, thereby precluding uCloudlink, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. §285.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Name an Original Inventor)

35 U.S. Code § 115(b)(2) requires that the inventor's oath or declaration identify "such individual believes himself or herself to be the original inventor or an original joint inventor of a claimed invention in the application." *See also* 35 U.S.C. § 101 ("Whoever invents or discovers …

12

may obtain a patent."); MPEP § 2157 (directing examiners to reject applications with improper naming of inventors).

Gao Wen's January 21 and 22, 2014, inventor declarations name him as the sole inventor of each Asserted Patent. uCloudlink has provided no evidence that Gao Wen, solely or jointly, invented either Asserted Patent. To the contrary, as explained above in Defendants' Sixth Affirmative Defense, incorporated herein, by at least December 13, 2013, Gao Wen was aware that Jing Liu, Richard Xu, and Xiaolei Qin were the true inventors of the Asserted Patents.

The Asserted Patents are therefore invalid for failure to name the correct joint inventors of the patents.

## RESERVATION OF ADDITIONAL DEFENSES

Discovery in this action has just begun and Defendants continue to investigate the allegations set forth in the Complaint. Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserve the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that the Court enter judgment as follows:

A.      Dismiss Plaintiffs' Complaint with prejudice;

B.      Adjudicate that Plaintiffs are not entitled to any relief, including any of the relief requested in their Complaint;

C.      Award Defendants their attorneys' fees and costs incurred herein; and

D.      Award Defendants such other relief as this Court may deem appropriate and just under the circumstances.

## COUNTERCLAIMS

Defendants and Counterclaimants SIMO Holdings Inc. ("SIMO") and Skyroam, Inc., by and through their counsel of record, assert the following counterclaims against Plaintiffs and Counterdefendants Hong Kong uCloudlink Network Technology Limited ("uCloudlink Hong Kong")

and UCloudlink (America) Ltd. ("uCloudlink America"), and allege as follows: Counterclaimants incorporate the allegations of their Answers as if set forth fully herein.

### THE PARTIES

1.       SIMO is a company incorporated under the laws of Cayman Islands and has its principal place of business at Xihai Mingzhu Building, 1001 Nanshan District, Taoyuan Road Shenzhen City, Guangdong Province, China.

2.       Skyroam, Inc. is a company incorporated under the laws of the state of California with a principle place of business at 180 Sansome Street, Suite 200, San Francisco, CA 94104.

3.       According to Plaintiffs' Complaint, Plaintiff Hong Kong uCloudlink Network Technology Limited is a company incorporated under the laws of Hong Kong SAR, China, with a principal place of business at 29/F, One Pacific Centre, 414 Kwun Tong Road, Kwun Tong, KLN, Hong Kong. According to Plaintiffs' Complaint, Plaintiff uCloudlink (America), Ltd. is a company incorporated under the laws of the state of New York, with a principal place of business at 205 East 42nd Street, 20th Floor, New York, NY 10017.

### BACKGROUND

4.       This began as an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq*.

5.       The overall technology at issue involves providing users of mobile devices such as phones and hotspots ("uCloudlink devices") the ability to travel internationally and access data through those devices without having to pay expensive roaming fees or purchase a country-specific SIM card for each new country visited.

6.       The uCloudlink devices enable their customers to access data on the uCloudlink devices by housing physical SIM cards obtained from various cellular network providers—including *United States cellular network providers* such as AT&T, T-Mobile, Cricket, and Verizon—in SIM banks located in the remote administrative systems (*i.e.*, servers) centrally operated by Shenzhen uCloudlink Network Technology Co., Ltd. ("uCloudlink Shenzhen"). Upon verification of user information, the servers allocate a "virtual" or "cloud" SIM associated with one of the physical SIM

cards housed in the SIM banks that is subscribed to a cellular network provider of the country/region the user is located (a "virtual SIM"). Therefore, the user device can access the local cellular network to which the assigned virtual SIM is associated.

7.      With respect to this virtual SIM technology, the uCloudlink devices only operate via data packages developed, supported, sold, or otherwise enabled by uCloudlink (*i.e.*, a "closed system"). In other words, a consumer cannot access the local cellular networks on an uCloudlink device through a virtual SIM provided by a third party such as Skyroam.

8.      By way of example, an individual who purchases an uCloudlink device in Europe for use in the United States must also purchase data from uCloudlink to use the device as intended.

9.      Because of the inherently international nature of the technology, consumers often purchase or obtain uCloudlink devices in one country and use them in another country. Moreover, when a customer uses the device in a foreign country, the data is being provided by a cellular provider local to the country the consumer is visiting.

10.      For example, a consumer could purchase an uCloudlink device and data plan in Europe with the intent to use that device on a trip to California. When the consumer arrives in California and turns on his or her device, the device provides local data services through a virtual SIM that is derived from (*i.e.*, a "mirror image" of) the physical SIM cards housed in the SIM bank operated by uCloudlink Shenzhen. The software provided by uCloudlink Shenzhen selects a SIM from a United States cellular network provider (*e.g.*, AT&T, T-Mobile, Verizon, Cricket) to send the virtualized SIM directly to the uCloudlink device in California. Without the virtualized SIM residing on the device in California, the device will not operate. In other words, the uCloudlink hotspot and phone devices cannot use cellular date in California without the receipt of the virtual or cloud SIM, which is always derived from the servers operated by uCloudlink Shenzhen and delivered directly to devices in California via software developed by uCloudlink Shenzhen. uCloudlink Shenzhen tracks the delivery of virtual SIM devices and knows exactly where and when a virtual SIM is delivered in the United States.

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

11.     uCloudlink Hong Kong and uCloudlink America do not make any meaningful profit in the sale of the devices and instead generate their profits from the sale of data to the users of those devices.

12.     Each of uCloudlink Hong Kong, America and Shenzhen entities plays an integral role in the operation, development, marketing, manufacturing, sale, customer support, and rental services of the devices to business partners and consumers.

13.     Each of uCloudlink Hong Kong, America and Shenzhen entities intends that the devices can and will be used in the United States.

14.     As demonstrated in the above example, each of the uCloudlink Hong Kong, America and Shenzhen entities knows and intends that they will provide data services from United States cellular carriers through those devices to users of those devices while those users are in the United States.

**JURISDICTION AND VENUE**

15.     These Counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and the United States Patent laws, 35 U.S.C. § 101 *et seq*.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This Court also has personal jurisdiction over Counterdefendants because, among other reasons, Counterdefendants have asserted the '066 and '780 patents against Counterclaimants in its Complaint in this action in this jurisdiction.[3]

17.     Venue is appropriate in this District under 28 U.S.C. § 1391(b)-(c) because Counterdefendants brought their Complaint for infringement of the '066 and '780 patents in this Court.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFFS' PATENT INFRINGEMENT CLAIMS**

18.     According to Plaintiffs' Complaint, Plaintiff Hong Kong uCloudlink Network Technology Limited purports to be "the owner of the right, title and interest in and to the '066 patent,

---

[3] As described above, Plaintiffs' allegations regarding the '066 Patent have been dismissed with prejudice. (Dkt. No. 100). Nonetheless, because the operative complaint still alleges infringement of the '066 Patent, the Counterclaims still contain requests for declarations of non-infringement and invalidity of the '066 Patent for completeness.

including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of them."

19.     According to Plaintiffs' Complaint, Plaintiff Hong Kong uCloudlink Network Technology Limited purports to be "the owner of the right, title and interest in and to the '780 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of them."

20.     According to Plaintiffs' Complaint, Plaintiff uCloudlink (America), Ltd. purports to be the exclusive licensee of the '066 and '780 patents.

21.     Counterclaimants do not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '066 and '780 patents.

22.     Upon information and belief, all claims of the '066 and '780 patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '066 Patent)**

23.     Counterclaimants incorporate the allegations set forth in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

24.     Counterdefendants have alleged in their Complaint that Counterclaimants have directly and/or indirectly infringed the '066 patent and that Counterclaimants will continue to engage in these acts.

25.     Counterclaimants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '066 patent, either literally or under the doctrine of equivalents.

26.     There is an actual, substantial, and continuing justiciable controversy between Counterdefendants and Counterclaimants regarding the alleged infringement of the '066 patent.

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

27.     Counterclaimants are entitled to a declaratory judgment that they have not infringed, and are not infringing, directly or indirectly, any valid, enforceable, properly construed claim of the '066 patent.

28.     Counterdefendants know or should know that Counterclaimants have not and are not in any way infringing the '066 patent. This is therefore an exceptional case entitling Counterclaimants to an award of their attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '066 Patent)

29.     Counterclaimants incorporate the allegations set forth in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

30.     An actual controversy has arisen and exists between the parties regarding invalidity of the claims of the '066 patent because Counterdefendants assert in their Complaint that Counterclaimants infringe the patent, and that the patent was duly and legally granted.

31.     One or more claims of the '066 patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the Accused Products infringe claims of the '066 patent, on information and belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, including without limitation U.S. Patent Nos. 8,116,735 and 9,736,689, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. Counterclaimants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

32.     Counterclaimants are entitled to a declaratory judgment that the claims of the '066 patent are invalid.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '780 Patent)

18

33.     Counterclaimants incorporate the allegations set forth in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

34.     Counterdefendants have alleged in its Complaint that Counterclaimants have directly and/or indirectly infringed the '780 patent and that Counterclaimants will continue to engage in these acts.

35.     Counterclaimants have not infringed, directly, contributorily, or by inducement, any valid, enforceable, properly construed claim of the '780 patent, either literally or under the doctrine of equivalents.

36.     There is an actual, substantial, and continuing justiciable controversy between Counterdefendants and Counterclaimants regarding the alleged infringement of the '780 patent.

37.     Counterclaimants are entitled to a declaratory judgment that they have not infringed, and are not infringing, directly or indirectly, any valid, enforceable, properly construed claim of the '780 patent.

38.     Counterdefendants know or should know that Counterclaimants have not and are not in any way infringing the '780 patent. This is therefore an exceptional case entitling Counterclaimants to an award of their attorneys' fees pursuant to 35 U.S.C. § 285.

**FOURTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '780 Patent)**

39.     Counterclaimants incorporate the allegations set forth in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

40.     An actual controversy has arisen and exists between the parties regarding invalidity of the claims of the '780 patent because Counterdefendants assert in its Complaint that Counterclaimants infringe the patent, and that the patent was duly and legally granted.

41.     One or more claims of the '780 patent, as properly construed, are invalid for failure to comply with the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112. Particularly, to the extent that any features of the Accused Products infringe claims of the '780 patent, on information and

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

belief, those claims are invalid at least as to lacking novelty and/or being obvious over the prior art that contained similar features, including without limitation U.S. Patent Nos. 8,116,735 and 9,736,689, as well as related prior art, for non-enablement, for indefiniteness, and for lack of adequate written description. Counterclaimants reserve the right to amend, supplement, and add further prior art references and invalidity contentions pursuant to the local rules.

42.     Counterclaimants are entitled to a declaratory judgment that the claims of the '780 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray that the Court enter judgment as follows:

A.     That the Court declare that Counterclaimants and their products and processes do not infringe the '066 and '780 patents, either literally or under the doctrine of equivalents, and that Counterclaimants have not actively induced or contributed to the infringement of the '066 and '780 patents;

B.     That the Court declare that the claims of the '066 and '780 patents are invalid;

C.     That the Court declare this an exceptional case under 35 U.S.C. § 285 and award Counterclaimants their attorneys' fees and costs of suit;

D.     Award Counterclaimants their prejudgment interest and post-judgment interest on their damages, attorneys' fees, and costs; and

E.     Award Counterclaimants such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Counterclaimants respectfully demand a trial by jury on all issues and claims so triable.

Dated: February 14, 2020                      Respectfully Submitted,

By:   */s/ Benjamin E. Weed*
      Peter E. Soskin (SBN 280347)
      peter.soskin@klgates.com
      K&L GATES LLP

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC

Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Benjamin E. Weed (*admitted pro hac vice*)
Gina A. Jenero (*admitted pro hac vice*)
Farris S. Matariyeh (*admitted pro hac vice*)
benjamin.weed@klates.com
gina.jenero@klgates.com
farris.matariyeh@klgates.com
K&L GATES LLP
70 W. Madison St. Suite 3100
Chicago, IL  60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Jeffrey C. Johnson (*admitted pro hac vice*)
jeff.johnson@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Telephone:  +1 206 3708338
Facsimile:  +1 206 623 7022

Attorneys for Defendants and Counterclaimants
SIMO Holdings Inc. and Skyroam, Inc.

[CORRECTED] FOURTH AMENDED ANSWER AND COUNTERCLAIMS TO
COMPLAINT FOR PATENT INFRINGEMENT – CASE NO.: 18-CV-05031-EMC