UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>SIMO HOLDINGS INC., et al.,<br><br>    Defendants. | Case No. 18-cv-05031-EMC (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 179 |

    The plaintiffs in this case (collectively, "uCloudlink") accuse the defendants (collectively "SIMO") of infringing uCloudlink's patent in SIMO products that allow users to connect their devices (smartphones, tablets, and computers) to the internet while traveling internationally.[1] SIMO wants discovery in the form of a forensic examination of the computer of its former employee Wang Bin (who worked for a SIMO subsidiary called Skyroam) on the ground that the computer has information that uCloudlink knew about prior art allegedly developed by Skyroam (used to develop its products pursuant to its patents) that shows that uCloudlink knew about

---

[1] Compl. – ECF No. 1 at 4–5 (¶¶ 19–20). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court can decide the dispute without oral argument. Civ. L. R. 7-1(b).

ORDER – No. 18-cv-05031-EMC (LB)

Skyroam's patented technology before the asserted patent's priority date.[2] This is relevant to SIMO's affirmative defenses of inequitable conduct and improper inventorship.[3] (SIMO's counterclaims of Wang Bin's trade-secrets theft and uCloudlink's use of Skyroam's intellectual property have been dismissed.[4])

uCloudlink mostly challenges the discovery request — to all the information on Wang Bin's computer — as overbroad and thus not proportional.[5] It does not oppose the discovery if it is narrowed to the defenses and the time period.[6]

The alleged disclosure of information by Wang Bin to uCloudlink's CEO Wen Gao (the original inventor of the asserted patent) is relevant to SIMO's affirmative defenses.[7] Fed. R. Civ. P. 26(b)(1). The relevant time period is at some point around Wang Bin's hire date (September 29, 2013) and Wen Gao's filing the patent application (December 13, 2013).[8] The discovery request is not proportional to the needs of the case, but it can be narrowed.

Given this ruling, the parties must confer on how to produce information consistent with this order. If they cannot agree, they may file another letter brief with their respective positions on the dispute.

This resolves ECF No. 179.

**IT IS SO ORDERED.**

Dated: September 24, 2020

LAUREL BEELER
United States Magistrate Judge

---

[2] Letter Brief – ECF No. 179 at 1.

[3] *Id.* at 2.

[4] Order – ECF No. 103; *see* Letter Brief – ECF No 179 at 2.

[5] *Id.* at 5.

[6] *Id.*

[7] *Id.* at 4 (relevant to sixth asserted defense of regarding inventorship).

[8] *Id.*