United States District Court
Northern District of California

1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10                 San Francisco Division

11  | HONG KONG UCLOUDLINK                  Case No. 18-cv-05031-EMC (LB)
    | NETWORK TECHNOLOGY LIMITED, et
12  | al.,
    |                                        **DISCOVERY ORDER**
13  |              Plaintiffs,
    |                                        Re: ECF No. 189
14  |        v.

15  | SIMO HOLDINGS INC., et al.,

16  |              Defendants.

17

18      In the pending discovery letter, the parties dispute SIMO's entitlement to documents from

19  uCloudlink that allegedly relate to SIMO's affirmative defenses of inequitable conduct (in the

20  form of not disclosing prior art to the USPTO) and improper inventorship and uCloudlink's

21  financial information (for the royalty analysis and damages).[1] The parties categorize SIMO's

22  requests for production into nineteen categories.[2] There are three issues: (1) has uCloudlink fully

23  produced all responsive documents that it claims to have produced; (2) when will uCloudlink

24  produce the documents it promised to produce; and (3) must uCloudlink produce certain

25

26

27  [1] Discovery Letter – ECF No. 189. Citations refer to material in the Electronic Case File ("ECF");
    pinpoint citations are to the ECF-generated page numbers at the top of documents.

28  [2] uCloudlink Oct. 30, 2020 Letter, Ex. D to Discovery Letter – ECF No. 189-4 at 2–4.

ORDER – No. 18-cv-05031-EMC (LB)

documents it has refused to produce. The court held a hearing on November 19, 2020 and issues

this order to address the disputes and to memorialize its rulings at the hearing.[3]

First, uCloudlink agreed that it would certify that, for requests that it has responded to and

produced documents, it has produced all responsive documents in its possession. It must do so in

two weeks.

Second, uCloudlink agreed that it will produce all documents that it has promised to produce

within two weeks.

Finally, the court's orders regarding the disputed productions are as follows.

| Category[4] | RFP Nos. | Order |
|---|---|---|
| Documents showing uCloudlink employees who were present at the time uCloudlink was developing its initial products and who are still with the company. Documents showing identity of people who were working with Wen Gao at the time of the invention in the '780. | 27, 137–138 | This is relevant to SIMO's affirmative defense. uCloudlink must produce responsive non-privileged documents to the requests. This should be a relatively small cohort of people and may be limited to those who would have known about the prior art and had an obligation to disclose it. |
| All documents referencing Yang Chao, a former SIMO-related employee who worked for uCloudlink. | 244–246 | This is relevant to SIMO's affirmative defense. Again, the production may be tethered to the affirmative defenses regarding the prior art and need not be "any and all documents" related to Yang Chao. uCloudlink must propose a reasonable limitation to SIMO and the parties must confer about the scope of the production to reduce burden and overbreadth. |

---

[3] Minutes – ECF No. 195.

[4] The categories and corresponding RFPs are taken from the parties' submitted meet-and-confer letters. SIMO Oct. 2, 2020 Letter, Ex. B to Discovery Letter – ECF No. 189-2 at 3–6; uCloudlink Oct. 30, 2020 Letter, Ex. D to Discovery Letter – ECF No. 189-4 at 2–4. There are certain categories of documents that uCloudlink has not produced that the parties do not call out in their discovery letter (i.e. RFP Nos. 63, 133–136, 171–175). The court does not address those requests.

| | | |
|---|---|---|
| Documents and communications supporting the basis of authority for the "head office" to assign non-uCloudlink Hong Kong employees to contracts and to various positions within its "groups" and "systems", and to assign protocols binding on all employees of various uCloudlink group entities. | 180–215, 226–228 | Burdensome and nonproportional. SIMO may propose a much narrower production that describes what it wants and why. |
| Invoices, bills, and money transfers between uCloudlink White Label Partners (Such as DHI) and uCloudlink Hong Kong | 101–128 | uCloudlink will produce updated version of its previously produced consolidated financial documents by the end of the month. |
| Documents sufficient to show sales, rentals, leases, revenues, and profits all generated from uCloudlink products practicing the Asserted Patent or terminals that function with the uCloudlink back end to practice the Asserted Patent that are sold by third parties | 94–96 | uCloudlink will produce updated version of its previously produced consolidated financial documents by the end of the month. |

As the court said at the hearing, discovery is iterative. For example, if after receiving the narrower productions here, SIMO identifies further discoverable information from those productions, then the court can address the issues when the parties raise them. To the extent SIMO asks that "discovery deadlines be extended as necessary," any request to adjust the case deadlines must be raised with the trial judge.[5]

**IT IS SO ORDERED.**

Dated: November 20, 2020

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] Discovery Letter – ECF No. 189 at 4.

United States District Court
Northern District of California