UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIMO HOLDINGS INC., et al., <br><br> Defendants. | Case No. 18-cv-05031-EMC(LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF Nos. 211 and 212 |

**INTRODUCTION**

The parties filed two discovery letters with two disputes.[1] First, the defendants want apex depositions of two uCloudlink employees: Zhiping Peng (a Director of uCloudLink (America) and the Chairman of the Board of uCloudlink Group, Inc., the plaintiffs' corporate parent) and Zhigang Du (a Director and the Chief Operating Officer of uCloudlink Group, Inc.). Second, the plaintiffs want the court to compel the defendants to produce technical documents responsive to their requests for production (RFPs). The court can decide the disputes without oral argument. Civil L.R. 7-1(b). The court denies the apex depositions (for now) and directs a further process for

---

[1] Discovery Letters – ECF Nos. 211, 212. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-05031-EMC (LB)

1  the RFPs. Also, the parties have raised the issues sufficiently to preserve them, and in the last

2  section of the order, the court extends the time to raise further disputes.

# ANALYSIS

## 1. Apex Depositions

On this record, and given that other witnesses will be deposed, the court denies the request for the apex depositions.

"When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have 'observed that such discovery creates a tremendous potential for abuse or harassment.'" *Jensen v. BNSF Rwy. Co.*, No. 3:13-cv-05955-HSG (LB), 2015 WL 3662593, at *2 (N.D. Cal. May 19, 2015) (quoting *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 262–63 (N.D. Cal. 2012)). "The court therefore has discretion to limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* (cleaned up). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* at *3. "A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Id.* "Thus, it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Id.* "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* "A claimed lack of knowledge, by itself it is insufficient to preclude a deposition." *Id.* (quoting *Apple*, 282 F.R.D. at 263).

The plaintiffs contend that Messieurs Peng and Du do not have unique first-hand knowledge of the topics, which are quoted in the letter brief, and the topics will be covered by other witnesses and are the subject of the defendants' many Rule 30(b)(6) topics.[3] The topics are covered by other

---

[3] Discovery Letter – ECF No. 211 at 2.

ORDER – No. 18-cv-05031-EMC (LB)   2

witnesses and in the Rule 30(b)(6) topics.[4] The other deponents include Wen Gao, Zhihui Gong, and Zhu Tan, all with knowledge of the topics.[5] The plaintiffs have established that the apex depositions are not necessary. *Cf. Affinity Labs of Texas v. Apple, Inc.*, C 09-4436 CW (JL), 2011 WL 1753982, at *6 (N.D. Cal. May 9, 2011) ("Courts generally require interrogatories, request for admission, and depositions of lower level employees before allowing the deposition of an apex witness").

If after the other discovery is completed, the defendants have identified topics uniquely known by Messieurs Peng and Du, then they may raise those topics in a new letter brief. The court deems the issue preserved under Civil Local Rule 37-3 and thus can address it after the other depositions. In the last section of the order, the court addresses the timing for raising future disputes.

## 2. RFP Nos. 10, 24–26, 40, 74–76, and 79

The parties dispute the extent and timeline of production for some of the plaintiffs' RFPs. The plaintiffs contend that the defendants' production has been selective and that they have admitted that they have produced "versions" of documents that they believed provided "sufficient" information.[6] The defendants do not dispute that the RFPs are relevant.[7] They disagree that the parties are at an impasse, say that the plaintiffs' demand is at the last minute, and point out that the plaintiffs know that it may take several months to gather documents. They continue to search for responsive documents and made several productions last week. They contend that the plaintiffs have an obligation to review produced discovery and point out deficiencies. They have not confirmed that they have completed their production because they are continuing their investigation and productions. They are willing to extend discovery to complete their productions and to allow the plaintiffs to identify any information that is missing.[8]

---

[4] Soskin 11/30/2020 Email, Ex. C to Discovery Letter – ECF No. 211-3 at 2; SIMO Rule 30(b)(6) Notice, Ex. D to Discovery Letter – ECF No. 211-4 at 14, 19–21, 23–25.

[5] DeFosse 11/25/2020 Email, Ex. C to Discovery Letter – ECF No. 211-3 at 7; Soskin 11/23/2020 Email, Ex. C to Discovery Letter – ECF No. 211-3 at 8.

[6] *Id.* at 2.

[7] Discovery Letter – ECF No. 212 at 5 (objecting to RFPS only as overbroad and unduly burdensome).

[8] *Id.* at 3–5.

ORDER – No. 18-cv-05031-EMC (LB)  3

Given the district judge's extension of the deadline for residual discovery to January 8, 2021, the court extends the deadline here to January 8 to allow the defendants to complete their ongoing productions and for the plaintiff to identify any deficiencies. Within seven days after the plaintiffs identify the deficiencies (or, if that date falls during the holidays, by January 11, 2021), the defendants must propose their timeline for completing any additional productions. The court deems the issue preserved under Civil Local Rule 37-3 and thus can address it after the parties have completed this process.

### 3. Future Discovery Disputes

The court recognizes that under Civil Local Rule 37-3, the parties had timing issues that forced the filing of their discovery letters. The letters suffered somewhat from the parties' talking past each other. It is not a good use of anyone's resources (including the court's) to have rushed disputes. The district judge has extended the deadline for residual fact discovery to January 8, 2021. The parties now have seven days after January 8 (or any further extended date) to raise any disputes. Also, because the issues are raised and preserved, the parties may stipulate to extend the deadline for the production of information responsive to the RFPs.

The parties may not file any discovery letters until January 8, 2021. That will allow the parties to confer more meaningfully and will spare everyone.

## CONCLUSION

This disposes of ECF Nos. 211 and 212.

**IT IS SO ORDERED.**

Dated: December 19, 2020

_____
LAUREL BEELER
United States Magistrate Judge