1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED, et al.,

    Plaintiffs,

    v.

SIMO HOLDINGS INC., et al.,

    Defendants.

Case No.  18-cv-05031-EMC
REDACTED
~~FILED UNDER SEAL~~

**ORDER DENYING PLAINTIFFS'
MOTION TO STRIKE DAMAGES
OPINION OF DOUGLAS KIDDER**

Docket No. 238

uCloudlink has sued Skyroam for infringement of its '780 patent.  Currently pending before the Court is uCloudlink's motion to strike certain opinions expressed by Skyroam's damages expert, Douglas Kidder.  uCloudlink moves to strike portions of Mr. Kidder's report on the basis that Mr. Kidder's opinion on a reasonable royalty is predicated on factual information that Skyroam should have produced, but failed to produce, during discovery (*i.e.*, █████

████████████████████████).

Having considered the parties' briefs and accompanying submissions, the Court hereby finds this matter suitable for disposition without oral argument.  Accordingly, the hearing on the motion to strike is hereby **VACATED**.  uCloudlink's motion for relief is **DENIED**.

Under Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1) (adding that other sanctions may also be imposed if appropriate).  Rule 37 grants a court broad discretion to act as it finds appropriate.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.

United States District Court
Northern District of California

1    2001).

2         The burden of proving that a failure to disclose was substantially justified or harmless lies

3    with the party that failed to disclose.  *See id.*  In prior decisions, this Court has used the following

4    five-factor analysis in assessing whether a failure to disclose was substantially justified or

5    harmless: (1) surprise to the party against whom evidence would be offered; (2) ability of said

6    party to cure the surprise (3) extent of disruption to trial that would be caused by allowing

7    evidence; (4) importance of the evidence; and (5) the nondisclosing party's explanation for failure

8    to disclose.  *See, e.g.*, *San Francisco Baykeeper v. West Bay Sanitary District*, 791 F. Supp. 2d

9    719, 733 (N.D. Cal 2011) (quoting, *Dey, L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D.

10   Cal. 2005)).

11        In the instant case, there is a feasible argument that Skyroam's failure to disclose the 2020

12   negotiations was substantially justified.  Although it could be argued (particularly in hindsight)

13   that information about the negotiations was responsive to some of uCloudlink's discovery

14   requests, there is little to suggest Skyroam would have known that the information would be

15   relevant to the issue of a reasonable royalty – that is, until it learned, through the public press

16   release in February 2021, that uCloudlink had entered into a cross-license agreement with iQsim.[1]

17        The Court, however, need not definitively rule on whether there was substantial

18   justification for Skyroam's actions because uCloudlink has not been prejudiced as a result,

19   certainly not prejudice that could have been avoided by uCloudlink.  uCloudlink was able to

20   produce a supplemental report from its expert (Ms. Bennis) in response to Mr. Kidder's opinion on

21   a reasonable royalty.  uCloudlink asserts that Ms. Bennis was not able to review the negotiations

22   documents Skyroam produced at the time she drafted her supplemental report.  But uCloudlink has

23   made no showing that Ms. Bennis would have materially changed her supplemental report based

24   on those documents if she had had a chance to review them.

25        Moreover, it is telling that uCloudlink did not immediately ask the Court for any relief

26   once it learned of Mr. Kidder's opinion on a reasonable royalty.  uCloudlink did not move to

27   _____

28   [1] The cross-license covered (1) uCloudlink's '770 and '066 patents and (2) ██████████████
     ████████████████████████████████████████.

2

compel further discovery nor did it seek more time for Ms. Bennis to complete her rebuttal report.
This shows there was no real prejudice to uCloudlink chargeable to Skyroam. Instead of
immediately seeking relief from the Court, uCloudlink made what appears to be a tactical decision
– waiting for more than two months after service of the Kidder report to file a motion to strike.
Had uCloudlink acted promptly, any prejudice resulting from the late disclosure by Skyroam/Mr.
Kidder could easily have been cured prior to trial. There would have been sufficient time for
uCloudlink to ensure that Skyroam had produced all relevant documents, to take Skyroam's
deposition on the negotiations, to solicit information on ███████████████ (uCloudlink
has a partial ownership interest in iQsim and thus cooperation from iQsim could be expected), and
to further supplement the Bennis report. Because uCloudlink did not act promptly or sought
meaningful relief, any prejudice it *now* claims at this juncture of the proceedings is largely of its
own making.

For the foregoing reasons, uCloudlink's motion to strike is denied.[2]

The Court notes that, out of an abundance of caution, it is sealing the entirety of this order.
The parties are ordered to meet and confer to determine what, if any, portions of this order are
required to be sealed. Within a week of the date of this order, the parties shall file a stipulation
containing a narrowly tailored sealing request.

This order disposes of Docket No. 238.

**IT IS SO ORDERED**.

Dated: June 14, 2021

_____
EDWARD M. CHEN
United States District Judge

---

[2] uCloudlink has not made a request for alternative relief should the Court deny its motion to strike.

United States District Court
Northern District of California